
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANPING ZHOU,

          Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

          Respondent.

No.   14-72885

Agency No. A087-872-497

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2017[**]
Pasadena, California

Before: CANBY and REINHARDT, Circuit Judges, and BLOCK,[***] District
Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

Anping Zhou, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his applications for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. § 1208.16(c). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Substantial evidence supports the BIA's conclusion that Zhou failed to demonstrate that he has been subject to past persecution or has a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1038 (9th Cir. 2008). In 1989, Zhou attempted to prevent his wife's forced abortion under China's one-child policy. Security guards arrested him, punching him once in the face and kicking him in the leg. He was taken to a police station, interrogated for 20 or 30 minutes, and detained for three days, during which he was not subjected to any mistreatment. He was then released without conditions and returned to his job at a state-owned diesel engine company. Twenty years later, he was arrested for helping to organize a factory workers' protest. At a police station he was interrogated for about an hour, and was struck with a baton five or six times on the arms and seven or eight times on the back. He was detained for three days without further mistreatment, and upon

2

release he treated his bruises without medical assistance.  He was required to report to the police station weekly and not leave his residential district.  He was fired from his job at the diesel engine company, and found brief employment elsewhere before leaving for the United States.  Zhou's two isolated instances of mistreatment separated by twenty years do not compel a conclusion contrary to that of the immigration judge and the BIA that Zhou had not suffered past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Wakkary v. Holder*, 558 F.3d 1049, 1159 (9th Cir. 2009) (providing that persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks and citation omitted).

2.  In addition, Zhou failed to present compelling evidence of an "objectively reasonable," well-founded fear of future persecution.  *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (internal quotation marks and citation omitted).  Family planning officials did not take a continued interest in Zhou after he was arrested for resisting his wife's forced abortion.  *See Yanming Xiong v. Lynch*, 638 Fed. App'x 626, 628 (9th Cir. 2016).  Further, a letter from Zhou's wife, which states that local authorities in China inquired into his whereabouts after he left the country and said that he should give himself up, is not enough to compel a finding that there is a "reasonable possibility" that Zhou would be

3

persecuted if he is deported to China. 8 C.F.R. § 1208.13(b)(2)(i)(B); *see also Gu v. Gonzales*, 454 F.3d at 1022.

3. Zhou exhausted administrative remedies when he sought reversal of the immigration judge's denial of his applications for withholding of removal and protection under CAT in his BIA appeal brief. *See* 8 U.S.C. § 1252(d)(1); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Because Zhou does not establish a well-founded fear of future persecution, he fails to qualify for withholding of removal, which requires a "higher burden of proof." *Lata v. I.N.S.*, 204 F.3d 1241, 1244 (9th Cir. 2000). Zhou is not entitled to CAT relief because he has not shown that "it is more likely than not" that he would be tortured if he is removed to China. 8 C.F.R. § 1208.16(c)(2); *see also Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

**PETITION DENIED.**